10-4004(L)
*United States v. Danny Morel*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of December, two thousand eleven.

PRESENT:

JOSEPH M. MCLAUGHLIN
JOSÉ A. CABRANES,
RICHARD C. WESLEY,
   *Circuit Judges.*

—————————————————————————

United States of America,

  *Appellee,*

   v.         Nos. 10-4004(L),
                 10-4016(CON)

Danny Morel,

  *Defendant-Appellant.*

—————————————————————————

**FOR DEFENDANT-APPELLANT:**  NICHOLAS J. PINTO, New York, NY.

**FOR APPELLEE:**  BRIAN R. BLAIS, (Katherine Polk Failla, Assistant U.S. Attorney, and Preet Bharara, U.S. Attorney, *on the brief*), United States Attorney's Office for the Southern District of New York, New York, NY.

1

Appeal from judgments of the United States District Court for the Southern District of New York (Sidney H. Stein, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-appellant Danny Morel ("Morel") appeals from two judgments of conviction entered by the District Court on September 16, 2010, convicting him, pursuant to his guilty plea, of conspiracy to commit access device fraud in violation of 18 U.S.C. § 1029(b)(2), access device fraud in violation of 18 U.S.C. § 1029(a)(4), and failure to appear at a court proceeding in violation of 18 U.S.C. §§ 3146(a)(1) and 3146(b)(1)(A)(i). After Morel was indicted on the access device fraud charges in 2002, he fled prosecution and remained a fugitive for nearly seven years, until he was arrested in Pennsylvania on February 11, 2010. Following his guilty plea to the access device fraud charges and the failure to appear charge, Morel was sentenced principally to 27 months of imprisonment. We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review a criminal sentence for "unreasonableness," which "amounts to review for abuse of discretion." *United States v. Cavera*, 550 F.3d 180, 187 (2d Cir. 2008) (en banc) (quotation marks omitted); *see also Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (explaining "abuse of discretion"). "Reasonableness review requires an examination of the length of the sentence (substantive reasonableness) as well as the procedure employed in arriving at the sentence (procedural reasonableness)." *United States v. Johnson*, 567 F.3d 40, 51 (2d Cir. 2009). We have previously likened our review for substantive unreasonableness "to the consideration of a motion for a new criminal jury trial, which should be granted only when the jury's verdict was 'manifestly unjust,' and to the determination of intentional torts by state actors, which should be found only if the alleged tort 'shocks the conscience.'" *United States v. Dorvee*, 616 F.3d 174, 183 (2d Cir. 2010) (quoting *United States v. Rigas*, 583 F.3d 108, 122--23 (2d Cir. 2009)).

On appeal, Morel challenges only the substantive reasonableness of his sentence, arguing that the District Court should have imposed a below-Guidelines sentence in light of (1) his lack of a prior criminal record; (2) his strong family support; (3) his work history; and (4) the fact that he did not commit any additional crimes during the period of his flight. The record is clear that the District Court considered these facts at sentencing and nonetheless concluded that a sentence of 27 months was "appropriate and reasonable." Finding no abuse of discretion, we affirm.

## **CONCLUSION**

We reject all of the defendant's claims on appeal. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court